UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MONICA JAMES SPRULL

VERSUS

THE CITY OF BATON ROUGE,
ET AL

CIVIL ACTION

NO. 09-689-BAJ-CN

## RULING

This matter is before the Court pursuant to the Court's ruling and order of April 10, 2012 (doc. 14), ordering the parties in the above-captioned matter to file briefs to address why the Court shall or shall not grant Defendants' motion for summary judgment as to Plaintiff's claims of reprisal/retaliation. In accordance with the Court order, Defendants filed a supplemental memorandum (doc. 17), and Plaintiff filed a response (doc. 16). Jurisdiction is based on 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

## BACKGROUND[1]

For reasons explained in the prior ruling, the Court dismissed Plaintiff's claims of race-based discrimination, hostile work environment, retaliation, and intentional infliction of emotional distress (doc. 14). The only claims remaining before the Court are Plaintiff's claims of retaliation pursuant to the First Amendment, and reprisal, pursuant to La. R.S. § 23:967 (doc. 16, p. 1).

## ANALYSIS

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. Rule 56(a). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers,

---

[1] The facts of the case are explained in the Court's Ruling and Order of April 10, 2012 (doc. 14). However, the Court notes that in December of 2007, Plaintiff filed a charge of race-based discrimination and retaliation with the Louisiana Commission on Human Rights and the EEOC (doc. 13-1, p. 40). Plaintiff asserts that after she formally filed complaints against Defendants for alleged race-based discrimination, Defendants discriminated against her in "retaliation and reprisal" for filing the complaints (doc. 1-2, ¶ 6). In a letter dated May 1, 2008, Defendants responded to the charge, and noted that:

> No actions whatsoever were taken against Ms. Sprull despite her extended leave and she assumed her responsibilities in full upon her return. There was simply no harassing behavior prior to, upon or subsequent to her return or complaints. Ms. Sprull continues in her position and her duties.

(doc. 13-4, p. 32). Plaintiff asserts that she can "set forth ample evidence that she opposed unlawful practices, thus engaging in 'protected activity'" (doc. 13-8, p. 26).

or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed.R.Civ.P. 56(c)(1)(A) and (B).

In determining whether the movant is entitled to summary judgment, the court views facts in the light most favorable to the non-movant and draws all reasonable inferences in her favor. *Coleman v. Houston Independent School District*, 113 F.3d 528 (5th Cir. 1997). After a proper motion for summary judgment is made, the non-movant must set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2411, 91 L.Ed.2d 202 (1986). The plaintiff, in an employment discrimination case, bears the burden of proving that she has been the victim of intentional discrimination. *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 508, 113 S.Ct. 2742, 2747-78, 125 L.Ed.2d 407 (1993). The non-movant's burden, however, is not satisfied by some metaphysical doubt as to the material facts, or by conclusory allegations, unsubstantiated assertions or a scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

Louisiana courts look to federal Title VII jurisprudence to interpret Louisiana discrimination laws. *King v. Phelps Dunbar, L.L.P.*, 743 So.2d 181, 187 (La.1999) (citing *Bustamento v. Tucker*, 607 So.2d 532, 538, n. 6 (La.1992)); *Wyerick v. Bayou Steel Corp.*, 887 F.2d 1271, 1274 (5th Cir. 2004). Therefore, the analysis applicable to Plaintiff's Title VII claims also governs Plaintiff's state claims. Likewise, employment discrimination claims brought pursuant to 42 U.S.C. § 1983 are analyzed under the evidentiary framework applicable to claims arising under Title VII of the Civil Rights Act of 1964, as amended at 42 U.S.C. §2000e et seq. *Lawrence v. University of Texas Medical Branch at Galveston*, 163 F.3d 309, 312 (5th Cir. 1999); *Tanik v. Southern Methodist University*, 116 F.3d 775, 775 (5th Cir. 1997); *Givs v. City of Eunice*, 512 F.Supp.2d 522, 542 (W.D.La.2007). Therefore, the federal analysis applicable to plaintiff's Title VII claims also governs plaintiff's state claims and her federal claims under Section 1983.

I.   **La. R.S. § 23:967 - The Louisiana Whistleblower Statute Claim**

The Louisiana Whistleblower Statute provides protection to employees against reprisal from employers for reporting or refusing to participate in illegal work practices. *Beard v. Seacoast Elec., Inc.*, 2006-1244 La. App. 4 Cir. 1/24/07, 951 So. 2d 1168 (La. Ct. App. 2007); *Accardo v. Louisiana Health Services & Indem. Co.*, 2005-2377 La. App. 1 Cir. 6/21/06, 943 So. 2d 381 (La. Ct. App. 2006). The Whistleblower Statute provides, in pertinent part:

> A. An employer shall not take reprisal against an employee who in good faith, and after advising the employer of the violation of law:
> (1) Discloses or threatens to disclose a workplace act or practice that is in violation of state law.
> (2) Provides information to or testifies before any public body conducting an investigation, hearing, or inquiry into any violation of law.
> (3) Objects to or refuses to participate in an employment act or practice that is in violation of law.
>
> ***
>
> C. For the purposes of this Section, the following terms shall have the definitions ascribed below:
> (1) "Reprisal" includes firing, layoff, loss of benefits, or any discriminatory action the court finds was taken as a result of an action by the employee that is protected under Subsection A of this Section; however, nothing in this Section shall prohibit an employer from enforcing an established employment policy, procedure, or practice or exempt an employee from compliance with such.

La. R.S. § 23:967.

While the Louisiana Supreme Court has not interpreted this statute, it is the consensus thus far of the lower Louisiana courts that the employer must have committed an actual violation of state law. *Beard*, 951 So.2d at 1170; *Accardo*, 943 So.2d at 387; *Hale v. Touro Infirmary*, 2004–0003 (La.App. 4 Cir. 11/3/04), 886 So.2d 1210, *writ denied*, 2005–0103 (La.3/24/05), 896 So.2d 1036; *Puig v. Greater New Orleans Expressway Comm'n*, 2000–924 (La.App. 5 Cir. 10/31/00), 772 So.2d 842, *writ denied*, 2000–3531 (La.3/9/01), 786 So.2d 731; *Diaz v. Superior Energy Services LLC*, 341 Fed.Appx. 26 (5th Cir.2009). Therefore, under La R.S. § 23:967 the plaintiff must prove an actual violation of state law, not just a good faith belief that a law was broken. *Corley v. Louisiana ex rel. Div.*

of Admin., Office of Risk Mgmt., 816 F. Supp. 2d 297, 313-14 (M.D. La. 2011); Scott v. Turner Indus. Group, LLC, CIV.A. 09-872, 2011 WL 5023840 (M.D. La. Oct. 19, 2011). Other than this difference, the standards governing claims under the Whistleblower statute and Title VII retaliation claims are materially indistinguishable. Strong v. Univ. Healthcare Sys., L.L.C., 482 F.3d 802, 805 (5th Cir. 2007); Scott v. Turner Indus. Group, LLC, CIV.A. 09-872, 2011 WL 5023840 (M.D. La. Oct. 19, 2011).[2]

Accordingly, Plaintiff must show that Defendants actually committed a violation of state law in order to fulfill her burden as the threshold element of her claim. In a previous ruling in this case, this Court found that Plaintiff was unable to prove her claim of race discrimination because she could not show that she suffered an adverse employment action as required by the Fifth Circuit. The Fifth Circuit has held that "adverse employment actions include only ultimate employment decisions such as hiring, granting leave, discharging, promoting, or compensating." McCoy v. City of Shreveport, 492 F.3d 551, 559 (5th Cir. 2007). In that holding, the Court found that Plaintiff was not denied leave, and denial of a travel request and/or training is not an adverse employment action as set forth by the Fifth Circuit. (Doc. 14, pp. 11-13).

---

[2] In a recent case, the Fifth Circuit noted that, to preclude summary judgment against her reprisal claim, Plaintiff has to create a genuine dispute regarding whether: (1) a defendant violated state law by a prohibited workplace act or practice; (2) Plaintiff advised Defendant in good faith of the violation; (3) Plaintiff then refused to participate in, or threatened to disclose, that practice; and (4) she was subjected to a reprisal as a result of his refusal or threat. LaRavia v. Cerise, 11-30035, 2012 WL 573380 (5th Cir. Feb. 22, 2012).

Therefore, as discussed in the Court's previous ruling and above, Plaintiff failed to submit sufficient evidence to support her claim of race discrimination under La. R.S. 23:301, the Louisiana Employment Discrimination Law, and, for that reason, she has not established an actual violation of state law. As such, Plaintiff's claim under the Whistleblower statute must be dismissed.

**II.    § 1983 First Amendment Retaliation Claim**

42 U.S.C. § 1983 provides in pertinent part:

> Every person who, under color of any statute ordinance, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress...

Plaintiff contends that her § 1983 claim arises under the First Amendment (doc. 16, p. 1). Specifically, she alleges that:

> [F]ollowing her reporting, protesting, and opposing racial discrimination/harassment in the workplace, she was denied paid leave and was thus forced to exhaust her own sick leave (meaning she actually lost employment benefits), she was subjected to the "monkey" paper (a copy of which was also concurrently given to her supervisor Newkirk [sic] who did nothing), she was openly accused of having an affair, denied travel and training (although the evidence is replete with numerous instances where others were permitted to travel and attend training), and harassed.

(Doc. 16, p. 3).

7

To prevail on a § 1983 First Amendment retaliation claim, a public employee must establish the following: (1) she suffered an adverse employment action; (2) her speech involved a matter of public concern; (3) her interest in commenting on matters of public concern outweighs the employer's interest in promoting efficiency; and (4) her speech motivated the employer's adverse action. *Modica v. Taylor*, 465 F.3d 174, 179-80 (5th Cir. 2006). The Fifth Circuit has held that whether "the speech at issue is on a matter of public concern is a question of law that must be determined by the court." *Id.* quoting *Salge v. Edna Indep. Sch. Dist.*, 411 F.3d 178, 184 (5th Cir. 2005).

The Fifth Circuit has held that public employees "do not surrender all their free speech rights by reason of their employment. Rather, the First Amendment protects a public employee's right, in certain circumstances, to speak as a citizen on matters of public concern." *Charles v. Grief*, 522 F.3d 508, 512 (5th Cir. 2008). As such, a public employee's "speech is protected by the First Amendment when the interests of the worker as a citizen commenting upon matters of public concern outweigh the interests of the state as an employer, in promoting the efficiency of the services it performs through its employees." *Id.* However, the Fifth Circuit has explained, that "when public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes, and the Constitution does not insulate their communications from employer discipline." *Charles*, 522 F.3d at 512.

8

The Court also notes that Plaintiff has not set forth evidence which would satisfy the first element of the analysis, that she suffered an adverse employment action. As mentioned, *supra* and in the Court's prior ruling, Plaintiff could not prove that she suffered an adverse employment action as required by the Fifth Circuit. The Fifth Circuit has determined that adverse employment actions are "discharges, demotions, refusals to hire, refusals to promote, and reprimands." *Pierce v. Texas Department of Crim. Justice, Inst. Div.*, 37 F.3d 1146, 1149 (5th Cir.1994). In *Pierce,* the court declined to expand the list of actionable adverse actions, noting that some things are not actionable even though they have the effect of chilling the exercise of free speech. 37 F.3d at 1150. As such, the Court finds that Plaintiff has not set forth sufficient evidence to show the existence of the first or fourth elements of the analysis, and, therefore, cannot prevail on her First Amendment retaliation claim.

## CONCLUSION

For the foregoing reasons Plaintiff's claims of retaliation and reprisal pursuant to La. R.S. § 23:967 and the First Amendment against Defendant are hereby **DISMISSED** with prejudice.

Baton Rouge, Louisiana, June 20, 2012.

BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA